BENJAMIN F. HANSON *& al., scire facias, versus* HAVEN A. BUTLER, *Guardian.*

In this State, attachments of property in the hands of the trustees of the principal debtor are wholly regulated by statute; and the statutes contain no provision by which a guardian, as such, can be summoned and holden as trustee.

Where a guardian was summoned as trustee, and was charged, *as guardian,* upon his disclosure, without taking exceptions, on *scire facias,* he was allowed, (under the provision of the statute,) to make a further disclosure; and, although it was *held,* that he could not be legally chargeable, as trustee, costs of the last suit were allowed the plaintiff, the defendant being guilty of neglect in not excepting to the adjudication in the original suit.

EXCEPTIONS from the ruling of GOODENOW, J.

Hanson *v.* Butler.

The defendant, Butler, in his capacity of guardian of Emily M. Williams, was summoned as the trustee of Henry R. Williams, in an action brought by the plaintiff against said Williams. At the first term the supposed trustee made a disclosure, and, thereupon, was charged, as trustee, in his said capacity of guardian.

Upon *scire facias* brought by the plaintiff against him, the said Butler, by leave of Court, made a further disclosure upon which, as guardian, he was adjudged trustee. To this adjudication the said Butler excepted.

*Jordan & Rollins*, for the plaintiff.

*Ira T. Drew*, for the defendant.

The opinion of the Court was drawn up by

TENNEY, C. J. — Attachments of property in the hands of trustees of the principal debtor are wholly regulated by statute in this State; and the statutes contain no provision that a guardian can be summoned and holden as a trustee, on account of goods, effects or credits belonging to the principal defendant, in a suit against the latter. The guardian cannot be sued for the debt of the ward, though assets may be in his hands. *Raymond* v. *Sawyer*, 37 Maine, 406.

In the case now before the Court, the ward was supposed to be indebted to the principal defendant at the time the original action was brought, and, at the term of the Court, at which that action was entered, he disclosed assets in his hands, and he was adjudged trustee. He failed to make payment or deliver any goods of the principal debtor, when called upon for the purpose, by the officer, who had the execution in force against the principal debtor, and the goods, effects and credits of him, in the hands of the defendant, the supposed trustee, and this process is instituted on account of this omission.

By the authority of R. S., c. 86, § 71, the defendant was allowed by the Court to disclose further, in this action against him. He has made his disclosure and was again adjudged trustee, to which adjudication he takes exceptions.

From the view, which we have expressed in the foregoing, touching the liability of a guardian to the trustee process, we are of the opinion, that the defendant was not liable; and, although a judgment against him, as trustee, was entered in the original suit, he now has relief by the provision of § 72, of the same chapter, that if he had been examined in the original suit, the Court may permit or require him to be examined anew, in the suit of *scire facias;* and he may then prove any matter proper for his defence; and the Court may enter such judgment as law and justice require, upon the whole matter appearing, on such examination and trial. He has been guilty of neglect, in not taking exceptions to the adjudication on the first disclosure.

It is adjudged, that the supposed trustee is not chargeable; but that the plaintiff recover costs of *scire facias* against him.

APPLETON, CUTTING, MAY, GOODENOW, and DAVIS, JJ., concurred.